**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Benjerman TREADWELL,
Defendant–Appellant.**

**No. 00–5001.**

United States Court of Appeals,
Sixth Circuit.

March 7, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

Charles Benjerman Treadwell, a pro se federal prisoner, appeals a district court order denying his motion for judgment of acquittal filed pursuant to Fed.R.Crim.P. 29(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 29, 1999, a jury convicted Treadwell of two counts of filing a false claim in violation of 18 U.S.C. § 287 and four counts of filing a false claim and aiding and abetting in violation of 18 U.S.C. §§ 287 and 2. Treadwell was sentenced to 37 months in prison, 3 years of supervised release, a special assessment of $600.00, and restitution in the amount of $1,880.40. His direct criminal appeal is currently pending before this court in Case No. 99–6548. On November 12, 1999, Treadwell moved for a judgment of acquittal, arguing that 18 U.S.C. §§ 287 and 2 did not apply to him because his alleged crimes involved falsifying tax returns which is made criminal under 26 U.S.C. § 7206. The district court sua sponte dismissed the motion as time-barred and alternately as without merit.

In his timely appeal, Treadwell again argues that he was prosecuted under the wrong statute.

Upon de novo review, we conclude that the district court properly denied the motion for judgment of acquittal. *United States v. Canan,* 48 F.3d 954, 962 (6th Cir.1995). Rule 29(c) requires a defendant to move for judgment of acquittal within seven days of the jury's verdict. *See* Fed. R.Crim.P. 29(c). Unless a district court has extended the filing period prior to the expiration of the time limit, the district court has no discretion to grant an untimely motion for judgment of acquittal. *Carlisle v. United States,* 517 U.S. 416, 420–21, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996). Rule 29(c) simply does not permit a court to grant an untimely motion, "regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error." *Id.* at 421. Consequently, Treadwell's motion is time-barred as he did not file the motion, or move for an extension, within seven days of the jury's verdict on July 29, 1999, but waited over three months until November 12, 1999. Under *Carlisle,* Treadwell's untimeliness may not be excused by his argument that he filed his motion immediately upon learning that he had been prosecuted under the wrong statute.

Furthermore, we conclude that Treadwell's motion lacked merit. A prosecutor has great discretion in determining what charge to file against an accused, provided that probable cause exists to believe that an offense was committed under the charging statute. *See Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *United States v. Davis,* 15 F.3d 526, 529 (6th Cir.1994). Thus, the government was within its discretion in charging Treadwell under Title 18 rather than Title 26. *See United States v. Ready,* 574 F.2d 1009, 1015–16 (10th Cir.1978).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.